UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON DOUGLAS YEAGER,

        Petitioner,                              Case Number: 2:21-11153
                                                         HONORABLE SEAN F. COX
v.

SHERMAN CAMPBELL

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner Carlton Douglas Yeager filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for armed robbery, Mich. Comp. Laws § 750.529, and two counts of resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1).. Yeager, who is proceeding *pro se*, seeks relief on the ground that insufficient evidence supported his conviction. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.    Background**

The Michigan Court of Appeals summarized the evidence presented at trial as follows:

This case arises from an incident that occurred at FA Beauty Supply and Hair Braiding in Mount Clemens on May 29, 2016. The prosecution presented evidence that while Shalanda Lucas was having her hair braided by Fatoumata Kone, defendant entered the store armed with a BB gun and demanded that Lucas give him her belongings. The store's surveillance video showed a masked individual enter and leave the store. Lucas testified that the person, whom she identified as defendant, threatened her with a gun and demanded her

> property. Defendant's GPS tracking device placed him near the store at the time of the robbery. Police testimony established that defendant was arrested shortly after the incident based on a description provided by Lucas. Defendant was carrying a backpack containing clothing items similar to those worn by the robber. A BB gun was found under bushes at a nearby business and forensic testing revealed "very strong support" that defendant was a contributor to DNA found on the gun. After being arrested and placed in a police vehicle, defendant attempted to flee and assaulted two officers. Defendant did not present any evidence at trial.

*People v. Yeager*, No. 337787, 2018 WL 4603862, at *1 (Mich. Ct. App. Sept. 25, 2018).

Following a jury trial in Macomb County Circuit Court, Yeager was convicted and sentenced as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 300 to 400 months' imprisonment for the armed robbery conviction and 12 to 24 months' imprisonment for each count of resisting or obstructing a police officer. *Id.*

Yeager filed an appeal in the Michigan Court of Appeals and raised four claims, including a challenge to the sufficiency of the evidence. The Michigan Court of Appeals affirmed Yeager's convictions. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. Yeager*, 503 Mich. 955 (2019)

Yeager filed a motion for relief from judgment in the trial court, which the trial court denied. *See* 7/16/2019 Dkt. Entry, *People v. Yeager*, 2016-002243-FC (Macomb Cty. Cir. Ct.). The Michigan Court of Appeals and Michigan Supreme Court denied Yeager leave to appeal the trial court's decision. *See People v. Yeager*, No. 351948 (Mich. Ct. App. March 31, 2020); *People v. Yeager*, 953 N.W.2d 406 (Feb. 2, 2021).

Yeager then filed the pending habeas corpus petition, raising this claim:

> The determination by the Michigan Court of Appeals that the

state presented sufficient evidence to sustain Petitioner's conviction of armed robbery was based on an unreasonable determination of the facts in light of the evidence.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). This habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of

law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

A state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Yeager argues that insufficient evidence was presented to permit the jury to find him guilty of armed robbery beyond a reasonable doubt. On habeas review, a sufficiency-of-the-evidence inquiry involves "two layers of deference[:] one to the jury verdict, and one to the state appellate court." *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017). First, the Court must ask whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements

4

of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*). Second, if the Court were "to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis in *Brown*).

>Under Michigan law, the elements of armed robbery are:
>
>(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon...

*Yeager*, 2018 WL at *2.

"'[I]n the course of committing a larceny'" includes "'acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.'" *Id.* (quoting Mich. Comp. Laws § 750.530(2)). This definition of "in the course of committing a larceny" includes a broad "'course of conduct' theory of robbery." *Id.* A completed larceny is not required to sustain an armed robbery conviction." *Id.* (citing *People v. Williams*, 491 Mich. 164, 184 (2012)). "[T]he specific intent necessary to commit larceny is the intent to steal another person's property ... and only minimal circumstantial evidence

5

is necessary to show a defendant entertained the requisite intent." *Id.* (citations omitted).

The Michigan Court of Appeals, applying the *Jackson* standard within the parameters of the elements of armed robbery, denied relief as follows:

> Defendant only challenges that there was no evidence that he intended to steal anything. But Lucas testified that while defendant put a gun to her face, he told her to "get the f--k off your phone and give me your s--t." Defendant's demand of Lucas's property was sufficient to demonstrate his intent to steal her property. That defendant intended to commit a larceny is further supported by the evidence that he entered the store with his face covered; he had a BB gun that looked like a real weapon; he pointed the gun at Lucas; he fled after the incident, and he attempted to flee from the police after he was arrested. *See People v. Hawkins*, 245 Mich. App. 439, 458; 628 N.W.2d 105 (2001) ("A factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense.").
>
> Contrary to defendant's assertion, Lucas's testimony regarding defendant's statement was not impeached by the surveillance video or the GPS tracking information. Lucas admitted that the surveillance video did not show defendant pointing the gun at her face. Our review of the surveillance video confirms that it does not show defendant pausing and pointing a gun at Lucas's face. Lucas, however, testified that the video did not show the area where defendant paused. The video shows a large empty area in front of Lucas. If defendant paused and pointed the gun at Lucas outside the view of the camera, it would appear that he was more than several feet away from her when he did so. Lucas testified that defendant was not inches from her face, but it felt like it was in her face. Although defendant may not have paused within inches, or even feet, of Lucas's face, the video does not refute that he pointed a gun at her and told her to give him her belongings. Moreover, although the GPS tracking information established that defendant was only in the store for less than a minute, this does not refute that he attempted to commit a larceny of Lucas's property during that period of time.
>
> Defendant points to several other pieces of evidence that he claims demonstrate that he was merely cutting through the store, including (1) he was aware that he was wearing a GPS tracking device; (2) he was due to be released from parole and the tether in 35 days; (3) he went past the cash register; (4) he did not pick up Lucas's phone or purse; (5) Lucas's written statement did not include that defendant said anything to her, and (6) Kone did

6

> not hear defendant say anything. These matters, however, affect only the weight of the evidence and the credibility of the witnesses. "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v. Unger*, 278 Mich. App. 210, 222; 749 N.W.2d 272 (2008). Viewed in a light most favorable to the prosecution, the evidence was sufficient to support defendant's conviction of armed robbery and, in particular, to show that he intended to steal Lucas's property.

*Yeager*, 2018 WL 4603862, at *2-3.

It is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The Court may not "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id*. In other words, this Court is not free to make credibility determinations that are contrary to those clearly decided by the jurors. Yeager asks the Court to do just that. He revisits testimony considered by the jury and argues that it, in fact, supported acquittal. In doing so, he asks the Court to assess witness credibility. In particular, he asks the Court to conclude that the victim's testimony that Yeager pointed a gun in her face and ordered her to turn over her belongings was not credible. That credibility determination was made by the jury and exclusively within the jury's province. *Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[T]he assessment of credibility of witnesses is generally beyond the scope of review.") On federal habeas review, "the only question under *Jackson* is whether [the jury's verdict] was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). Here, it was not. Based on the facts, as summarized by Yeager and by the Michigan Court of

Appeals, a rational jury could hold that the prosecution proved beyond a reasonable doubt each of the elements of armed robbery.

Yeager has failed to show that the court of appeals' rejection of his sufficiency claim as meritless is contrary to, or an unreasonable application of, the federal law clearly established by *Jackson*. Accordingly, he is not entitled to habeas relief on this claim.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

                                        s/Sean F.Cox
                                        SEAN F. COX
                                        UNITED STATES DISTRICT JUDGE

Dated: July 8, 2021